UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Fawzi Zaya,

            Petitioner,     Case No. 20-10921

v.                                Judith E. Levy
                                 United States District Judge

Rebecca Adducci, *et al.*,

                                 Mag. Judge Anthony P. Patti

           Respondents.

_____/

**OPINION AND ORDER GRANTING PETIONER'S MOTION TO VOLUNTARILY DISMISS [32] AND DENYING PETITIONER'S MOTION TO STAY [26]**

This is a case challenging the constitutionality of continued civil immigration detention of medically vulnerable detainees during the COVID-19 pandemic. On August 7, 2020, Petitioner Fawzi Zaya moved to voluntarily dismiss the case in order to be part of the class and habeas litigation group in the companion case, No. 20-10829 *Malam v. Adducci*. (ECF No. 32.) Respondent filed a response on August 14, 2020. (ECF No. 33.) Because voluntary dismissal will not prejudice Respondent, the Court grants Petitioner's motion.

## I. Background

On April 13, 2020, Petitioner filed an emergency petition for writ of habeas corpus (ECF No. 1) and an emergency motion for a temporary restraining order. (ECF No. 2.) Petitioner claimed that his continued civil detention at the Calhoun County Correctional Facility violated his Fifth Amendment rights by exposing him to a substantial risk of illness and death related to COVID-19. (*Id.* at PageID.222.) On April 18, 2020, the Court granted Petitioner's motion for a temporary restraining order (ECF No. 9), and on May 14, 2020, the Court converted the restraining order into a preliminary injunction. (ECF No. 15.) On July 10, 2020, Respondent filed a notice of appeal. (ECF No. 18.)

On June 19, 2020, Respondent filed a motion for summary judgment. After seeking two extensions of time to file a response (ECF Nos. 19, 23), Petitioner moved to stay the case pending resolution of *Malam*. (ECF No. 25.) Petitioner, citing his counsel's involvement in other litigation, filed a sparse response to Respondent's motion for summary judgment that did not include any additional evidence. (ECF No. 27, PageID.930.) Respondent replied on July 31, 2020. (ECF No. 29.)

On July 31, 2020, the Court certified both a class and a habeas litigation group in *Malam*. *Malam v. Adducci,* (E.D Mich. July 31, 2020), ECF No. 162. On August 4, 2020, the Court held a case management status conference in this case and in *Malam*. (ECF No. 31, PageID.965.) The Court set deadlines for Petitioner's motion to voluntarily dismiss his case. (*Id.*) Now, Petitioner seeks to voluntarily dismiss this litigation and join the class and habeas litigation group in *Malam*.

## II. Legal Standard

Fed. R. Civ. P. 41(a)(2) provides, in pertinent part, that where a summary judgment motion has been filed, an action can be voluntarily dismissed "only by court order, on terms that the court considers proper." "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment, and accordingly it is an abuse of discretion to dismiss an action where the defendant would suffer "plain legal prejudice." *Id.*

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the

3

> defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant

*Id.*

### III. Analysis

On balance, the Court finds that Respondent will not suffer plain legal prejudice through dismissal of this action.

*1. Respondent's Effort and Expense*

Respondent argues that "by fully briefing a motion for temporary restraining order, a response and supplemental brief to an order to show cause, and a motion for summary judgment, Respondents have expended a great deal of effort for what is ordinarily a summary proceeding." (ECF No. 33.) While the Court appreciates the time and effort evident in the quality of Respondent's submissions, this does not rise to the level of effort or expense contemplated by *Grover*. In *Grover*, the parties had litigated the case for five years, including certification of a question to the Ohio Supreme Court. *Grover*, 33 F.3d at 718. Here, the parties have litigated the case for five months, Respondent has submitted a total of seven filings, and the parties have not exchanged any discovery.

4

Respondent's work on this case to-date does not justify a finding of prejudice. Moreover, if Petitioner had been a part of the *Malam* case from the start, Respondent would have likely expended the very same time and effort. Before the Court certified a class and a habeas litigation group, counsel in *Malam* filed a series of motions for temporary restraining orders and preliminary injunctions on behalf of individually named detainees. Had Petitioner not filed this case, counsel likely would have filed a motion for injunctive relief on his behalf, leading to the same amount of work for Respondent—the only difference being the docket number listed in the caption.

2. *Excessive Delay / Lack of Diligence*

Respondent argues that "Petitioner's lack of diligence in responding to a properly supported motion for summary judgment should not be rewarded with dismissal so that he can seek relief in another action." (ECF No. 33, PageID.977.) The Court has previously expressed concern at the quality of Petitioner's submissions. (*See* ECF No. 12, PageID.747 (noting that Petitioner's reply "cites no legal authority" and was not "helpful to [the Court's] consideration of his claims;" ECF No. 15, PageID.807 (noting Petitioner's supplemental brief to show cause was "no

5

more useful" and the "Petitioner failed to address the majority of Respondent's arguments or to provide a single legal citation in support of his own").) Petitioner's response to Respondent's motion for summary judgment is, at Petitioner's own admission, incomplete. (ECF No. 27, PageID.931 (requesting leave to "submit a more complete response").) But Petitioner's lack of diligence does not support a finding of prejudice.

In *Smith v. Holston Medical Group, P.C.*, the Sixth Circuit found prejudice where a plaintiff's lack of diligence brought the case to "the point when the law clearly dictates a result for the defendant." 595 F. App'x 474, 478 (6th Cir. 2014) (citing *Grover*, 33 F.3d at 718). In *Smith*, the district court excluded expert witness testimony because of a lack of diligence by the plaintiff. *Id.* at 477. The district court found that the plaintiff could not "prove her medical malpractice claims without expert medical proof" and denied her motion to voluntarily dismiss. *Id.* Here, unlike in *Smith*, there is a companion case with a record replete with expert evidence. *See, e.g., Malam* (June 15, 2020) ECF Nos. 112-4 (Class Certification Declaration of Dr. Homer Venters) and 117-4 (Declaration of Gregg Gonsalves). Under Federal Rule of Civil Procedure 56, the Court may look beyond the four corners of the parties' filings in adjudicating a

6

motion for summary judgment and "consider other materials in the record." Fed. R. Civ. Proc. 56(c)(3). Pursuant to Federal Rule of Civil Procedure 42, the Court may formally consolidate this case with *Malam*, allowing the Court to consider the expert evidence on the record in *Malam* when adjudicating the motion for summary judgment in *Zaya*. Accordingly, Respondent is not guaranteed summary judgment.

Nor does recent Sixth Circuit precedent clearly dictate a result in Respondent's favor. Respondent claims that the opinion in *Cameron v. Bouchard*, finding that there is no due process violation where the government takes safety precautions for pretrial detainees like those taken at the Calhoun County Correctional Facility, mandates a similar finding here. No. 20-1469, 2020 WL 3867393 (6th Cir. 2020) (citing *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020)). But *Cameron* applied a deliberate indifference standard requiring an objective and subjective component, whereas the Court recently found in *Malam* that a punishment standard requiring only an objective component governs Petitioner's claims. (ECF No. 127, PageID.4220.) Although Defendants—including Respondent—have filed a motion to amend the judgment in *Malam, see Malam* (July 27, 2020), ECF No. 158, the Court has yet to

7

adjudicate that motion and will continue to follow its prior reasoned opinion. Accordingly, the law does not clearly dictate Respondent's success, and Respondent has not shown prejudice.

Additionally, Petitioner has not caused undue delay in this litigation, nor did he delay in bringing this motion to voluntarily dismiss the case. Respondent notes that upon filing, "Petitioner did not seek to consolidate or otherwise join *Malam*." (ECF No. 33, PageID.973.) However, the Court did not certify the class or habeas litigation group in *Malam* until July 31, 2020. *Malam v. Adducci*, Case No. 20-10829 (E.D Mich. July 31, 2020), ECF No. 162. Petitioner's stated purpose for filing the current motion—to be part of the certified class and subclass of medically vulnerable detainees in *Malam*—only recently became possible.

### 3. Need for Dismissal

Next, Respondent argues that "Petitioner does not explain his need for dismissal." (ECF No. 33, PageID.977.) As Respondent sees it, Petitioner seeks dismissal to avoid an unfavorable ruling on the pending motion for summary judgment. (*Id.* at PageID.978.) But as Petitioner explains in his motion, he seeks to join the class and habeas litigation

8

group in *Malam* that were certified on July 31, 2020. (ECF No. 32, PageID.968.) There is nothing unusual about a litigant withdrawing an individual claim to join a certified class; such consolidation can greatly increase judicial efficiency and consistency. This factor does not demonstrate prejudice to Respondent should the Court grant Petitioner's motion.

Respondent also points to the fact that the Court scheduled the status conference *sua sponte* and held it off the record, perhaps to suggest that this motion is therefore improper. (ECF No. 33, PageID.974.) The undersigned has a consistent practice of holding scheduling conferences off the record, but more importantly, the Court has a duty to manage its caseload responsibly. The purpose of the status conference was to explore ways in which the litigation brought by ICE detainees at the Calhoun County Correctional Facility could be managed in a more efficient and effective manner. But it was ultimately Petitioner's decision to file the current motion, not the Court's.

### 4. Motion for Summary Judgment

Respondent argues that because her motion for summary judgment is fully briefed, "[i]t would be unfair to deny Respondent[] a decision on

9

the merits." (ECF No. 33, PageID.978.) But the filing of a summary judgment motion, while it weighs against granting voluntary dismissal, is not dispositive. The Federal Rules contemplate that voluntary dismissals can be appropriate after a motion for summary judgment. *See Fed. R. Civ. Proc.* 41(a)(1)(A)((i) & (a)(2) (noting that an action may still be dismissed by court order after the opposing party serves a motion for summary judgment). And in *Rosenthal v. Bridgestone/Firestone, Inc.*, the Sixth Circuit upheld a district court order granting voluntary dismissal after a motion for summary judgment had been filed on the grounds that the legal outcome was not "clearly dictated." 217 F. App'x 498, 501 (6th Cir. 2007) (citing *Grover*, 33 F.3d at 719). Such is the case here. Thus, while Respondent may perceive the dismissal of this case as unfair, this does not constitute clear legal prejudice.

Ultimately, while Respondent moves through each of the factors articulated in *Grover*, she does not address how any of those factors will cause her prejudice—the bar that must be met to warrant denial of Petitioner's motion. The context in which this case arises makes a showing of prejudice impossible: Petitioner is not seeking damages; costs to date have been low; Petitioner's claims will continue in related

10

litigation; and Respondent can raise nearly identical arguments in *Malam*. The Court finds that voluntary dismissal of this individual action will not prejudice Respondent. Instead, adjudicating Petitioner's claims in the context of the *Malam* litigation will greatly increase judicial efficiency and consistency. Petitioner's motion is granted.

5. *Conditions of Order*

As Respondent properly notes, the preliminary injunction in this case will extinguish with the dismissal of the action. *See Burniac v. Wells Fargo Bank*, 810 F.3d 429, 435 (6th Cir. 2016) ("A preliminary injunction cannot survive the dismissal of a complaint."). To preserve the status quo, the Court will enjoin Respondent from rearresting Petitioner until the Court can adjudicate Petitioner's application for bail in *Malam*.[1]

## IV. Conclusion

---

[1] Respondent argues that "Petitioner, who is not detained, is not 'in Custody' at Calhoun for purposes of falling within the class definition in Malam, unless and until he is re-detained and held at Calhoun. (ECF No. 33.) Respondent has made it clear—through an appeal to the Sixth Circuit and the filing of a motion for summary judgment—that she seeks to redetain Petitioner. Despite the fact that Petitioner is not currently detained, this is not likely to bar Petitioner from filing a bail application; the Court will address this issue more thoroughly in *Malam* and—to the extent that Respondent challenges Petitioner's membership in the habeas litigation group—will consider amending its certification order to include individuals previously detained at the Calhoun Country Correctional Facility but granted release by an order of this Court.

For the reasons stated above, Petitioner's motion to voluntarily dismiss this case is granted. Petitioner's motion to stay (ECF No. 26) is denied as moot. Respondent is enjoined from rearresting Petitioner until the Court adjudicates a bail application from Petitioner in *Malam* or determines that it lacks the legal authority to grant Petitioner bail.

IT IS SO ORDERED.

Dated: August 19, 2020　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2020.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager